CUMMINGS & FANT, Ex'rs, *v.* WAGSTAFF & FREY, Adm'rs.

1. TEN PER CENT. INTEREST. *Pleading.* *What averment material.* *Failure to traverse. Consequence.* The action was on a note, bearing ten per cent. interest on its face. The declaration contained this averment, " that being the legal rate of interest at the time, in the State of Mississippi, the place where said note was executed."

*Held,* That without this averment the declaration would have been fatally defective under the interest laws of this State. Held further, that with the averment the declaration is good, and the suit maintainable, as by the laws of Mississippi such interest is lawful.

2. PLEADING. *Failure to traverse material averment. Consequence.* When a defendant, by his plea, fails to traverse a material averment, proof of the falsity of said averment is irrelevant and inadmissible.

Case cited: 1 Chitty, 213.

### FROM GILES.

Appeal from the Circuit Court. A. M. HUGHES, Judge.

BROWN & McCOLLUM for Cummings & Fant.

THOS. M. JONES for Wagstaff & Frey.

TURNEY, J., delivered the opinion of the Court.

Pleading is the statement of the facts which constitute the plaintiffs' cause of action, or the defendants' ground of defense.

Mr. Justice Butler says: "It is one of the first principles of pleading that there is only occasion to state facts, which must be done for the purpose of informing the court whose duty it is to declare the law arising upon these facts, and of apprising the opposite party of what is meant to be proved in order to give him an opportunity to traverse it."

The grand object contemplated by the system is the production of a certain and material issue between the parties upon some important part of the subject matter of dispute between them." 1 Chitty, 213.

Then if the object is, that facts making the cause of action must be stated, that the opposite party may have an opportunity to answer or traverse them, it necessarily follows that if an averment absolutely

Cummings & Fant, Ex'rs, *v.* Wagstaff & Frey, Adm'rs.

necessary to the support of the action and the jurisdiction of the Court be made, and is not answered or traversed, that is, no issue is made upon it, the general rule is, such averment stands admitted. As in this case, the suit is upon a note bearing ten per cent. interest, and there is the amount, "that being the legal rate of interest at the time, in the State of Mississippi, the place where said note was executed." Without this averment the declaration would have been fatally defective under the interest laws of this State, and the suit must have failed if allowed to rest upon such declaration.

With the averment the declaration is good, and the suit maintainable, as by the laws of Mississippi such interest is lawful, and a suit, therefore, may be sustained in the Courts of this State.

The plaintiff then presenting a fact constituting his cause of action, it was the duty of the defendant to have traversed or answered that fact, if he desired an inquiry into its truth.

Without such traverse or answer, proof of its falsity was incompetent, and the charge of the Court therein irrelevant and misleading to the jury.

Reverse the judgment.